TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00599-CR

NO. 03-09-00600-CR

NO. 03-09-00601-CR

NO. 03-09-00602-CR

NO. 03-09-00603-CR






Cedric Marcell Garner, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NOS. D-1-DC-07-206804, D-1-DC-07-206805, D-1-DC-07-302785, D-1-DC-08-300704, 

D-1-DC-08-301301, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969). Appellant received a copy of counsel's brief and was advised of his right to
examine the appellate record and to file a pro se brief. No pro se brief has been filed.

 We have reviewed the record and counsel's brief and agree that the appeal is
frivolous and without merit. We find nothing in the record that might arguably support the appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Counsel's motion to
withdraw is granted.

 We note, however, that the judgments of conviction contain certain clerical errors. 
First, the judgments indicate that appellant pleaded "true" to the State's motion to adjudicate, when
in fact he entered a plea of "not true." Second, the judgments include a finding that appellant
violated all five of the grounds alleged in the State's motion to adjudicate guilt. At the adjudication
hearing, however, the trial court found on the record that the State proved only two of the grounds
alleged--failure to participate in a drug or alcohol treatment plan and commission of the subsequent
offense of burglary of a habitation. The magistrate's findings of fact, which were expressly adopted
by the trial court, also state that the State proved only these two grounds for adjudication, failing to
prove the allegations that appellant failed to work faithfully at suitable employment, failed to avoid
places or persons of disreputable or harmful character, and committed the subsequent offense of
organized criminal activity. 

 We modify the judgments of conviction to correct these clerical errors. See
Traylor v. State, No. 09-09-00384-CR, 2010 Tex. App. LEXIS 4749, at *2 (Tex. App.--Beaumont
June 23, 2010, no pet.) (mem. op., not designated for publication) (correcting clerical error in
judgment before affirming conviction in frivolous appeal under Anders); Tillman v. State, No. 14-08-00053-CR, 2008 Tex. App. LEXIS 7882, at *4 (Tex. App.--Houston [14th Dist.] Oct. 16, 2008,
pet. ref'd) (mem. op., not designated for publication) (same). The judgments are modified to reflect
appellant's plea of "not true" to the motion to adjudicate and to delete the language stating that
appellant violated the terms and conditions of his community supervision by (1) failing to work
faithfully at suitable employment, (2) failing to avoid places or persons of disreputable or harmful
character, and (3) committing the subsequent offense of organized criminal activity. 

 The judgments of conviction are affirmed as modified.


 

 Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Modified and, as Modified, Affirmed

Filed: September 10, 2010

Do Not Publish